## Keating's Estate.

*Wills — Construction — Words and phrases — Cash and securities — Real estate.*

Testator bequeathed all his estate, real and personal, to his executors in trust to "separate one-eighth part thereof having regard to the value of the *cash and securities composing the* same—not including therein any real estate" which he might own at his death, and to distribute said one-eighth share to certain charities. By a subsequent paragraph, "as respects the remaining seven-eighths part of my residuary estate *including any real estate or its proceeds,*" he directed his trustees to hold and manage the same and pay the net income to certain of his relatives, mentioning them. The words in italics were interlined in the original will: *Held*, that by the words "not including therein any real estate," the real estate was taken out of the one-eighth of the entire estate and its value in cash or securities substituted in its place, and thus the gift to charities included one-eighth of his entire residuary estate, both real and personal.

Reargument of exceptions to adjudication. O. C. Phila. Co., Oct. T., 1921, No. 236.

The auditing judge (Henderson, J.) said in the adjudication, after quoting the 10th and 11th paragraphs of the will, for which see the opinion of the court *in banc:*

"On behalf of the residuary legatees and devisees, it is contended that under these clauses the charities are only to take one-eighth of the residuary personal estate, and that the remaining seven-eighths of the residuary personal estate and all of the real estate passed to the residuary legatees and devisees.

"The testator was a distinguished member of the Philadelphia Bar, and his will, which was made but a few months before his death, is in his own handwriting. I am informed that he owned several interests in real estate, some of it undivided and undeveloped properties in Rhode Island.

"It is argued that the value of the real estate is somewhat uncertain and troublesome to arrive at, and it is urged that he would not want this complication to delay the payment of his charitable bequests. This argument does not appeal to me, for the reason that the value of real estate for purposes of partition may be determined, and promptly determined, if the parties in interest will lend their co-operation.

"In examining clauses ten and eleven of the will, what do we find? He first directs that 'All the residue and remainder of my estate, real and personal, I devise and bequeath unto my executors and the survivors or survivor of them absolutely and in fee simple In Trust nevertheless for the following uses and purposes, to wit:' . . .

"From this it is clear that both the real and personal estates have been given to the trustees.

"What next do we find? 'To separate one eighth part thereof having regard to the value of the cash & securities composing the same not including therein any real estate or interest in real estate which I may own at the time of my death, . . .' and then he gave that one-eighth to certain charities.

"What does this clause mean? When he said to separate one-eighth part, having regard to the value of the cash and securities composing the same, he was pointing out that he wanted his assets valued in order to set aside this one-eighth, and, in this connection, it should be noted that the word 'securities' may include not only stocks and bonds, but land as well. See adjudication in Estate of Henry L. Davis, April Term, 1921, No. 460.

"Having thus directed that all his assets should be valued, what next does he do? It is manifest that it would be foolish for him to give St. Vincent's

1 D. & C.

Home one-fifteenth of one-eighth in his one-fifth interest in one-half (or 1/1200th) of a farm in Rhode Island, so he directs an appraisement of these realty holdings and directs that they shall be taken by the trustees of the remaining seven-eighths.

"With this interpretation in mind, I find no difficulty in the eleventh paragraph of the will, wherein he gives the remaining seven-eighths of his residuary estate and directs that the trustees of this seven-eighths shall take all his real estate, accounting, however, to the legatees under clause 10 for the value of one-eighth thereof.

"In construing a will as clear as this one, arguments based on verbiage of another should be given little weight."

Dec. 30, 1921, exceptions were dismissed on the opinion of the auditing judge. A petition for reargument was subsequently filed and a reargument ordered.

*R. Mason Lisle*, for exceptant on reargument; *R. M. Remick*, contra.

GEST, J., April 28, 1922.—The testator by his holographic will, after sundry pecuniary and specific bequests, provides literally as follows:

"10. All the residue and remainder of my estate real and personal I devise and bequeath unto my executors and the survivors and survivor of them absolutely and in fee simple In Trust nevertheless for the following uses and purposes to wit: To separate one eighth part thereof having regard to the value of the *cash & securities composing the* same—not including therein any real estate or interest in real estate which I may own at the time of my death,— and to pay over and distribute the said eighth share unto and among the following institutions and associations in the proportions as follows, to wit."

Here follow the names of thirteen charities, with the proportions of the estate given to them.

"11. And as respects the remaining seven eighths part of my residuary estate *including any real estate or its proceeds* to hold & manage the same and out of the net income derived therefrom to pay over in monthly instalments beginning with the date of my death Three hundred dollars per annum for the use of my cousin Caroline B. Bauduy, now of New York & of her daughter Elizabeth B. Bauduy and the survivor of them during their lives respectively; and to pay over the balance of said net income (and the whole of it after the death of the survivor of my said cousins) in equal shares *quarterly* unto such of my sisters and issue of my deceased brother John and sister *Susan* as may be then living," with further provisions not important in this connection.

The words italicized above are interlined in the original.

The testator thus devised his residuary estate, real and personal, as a whole, to his executors in trust, "to separate one-eighth part thereof," and it cannot be doubted that "one-eighth part thereof" means one-eighth part of the entire estate, so that, if the following clauses were free from difficulty, it is clear that the charities would be entitled to one-eighth of both real and personal estate. The direction is to "separate" this one-eighth, and this can only mean to separate this share from the other seven-eighths; that is, it is to be set aside in a certain way or subject to certain conditions. This the testator proceeds to determine by the words "having regard to the value of the *cash & securities composing the* same—not including therein any real estate;" the words above italicized being interlined in the original will. Either the testator, in copying his will from a draft, omitted them, or, on reading his will before execution, desired to clarify his meaning. The fact is not important, for, in either event, he thought the words important, and so they are, for

they show that this one-eighth, which, up to that point, included both real and personal estate, was to be "composed of" or made up from personalty; so that this one-eighth of the entire estate was to be valued in cash or securities. The next words, "not including therein any real estate," on which the exceptant bases his argument, mean, in our opinion, simply this, that the real estate is taken out of the one-eighth of the entire estate, and its value in cash or securities substituted in its place, and the interlineation in the eleventh clause is correlative thereto., The learned counsel for the exceptant argued that these interlined words were surplusage, but they should not be disregarded if any significance can be attached to them, and the testator thought them of sufficient moment to interline them. This view is strengthened by the final direction to the executors, viz., "to pay over and distribute the said one-eighth share," which means the one-eighth share of the entire estate, for this refers to the "one-eighth part thereof" in the preceding clause.

Much learning was evinced by the learned counsel for the exceptant in his argument as to the meaning of the word "including." It is used here in its ordinary sense; the real estate is not included, or it is excluded, if that word be preferred, but the real question is, excluded from what? The exceptant thinks it is excluded from the estate before one-eighth thereof is given to the charities, but, in our opinion, it is merely excluded in the distribution of that one-eighth after its value has been ascertained. There were practical reasons for this, for this one-eighth interest was given to thirteen charities in different proportions, and some of the real estate owned by the testator consisted of his undivided one-fifth interest in two parcels and his undivided one-thirtieth in another, so that he may well have considered it a more practical scheme to have his real estate pass to the trustee of the "remaining seven-eighths of his residuary estate." Certainly, if the testator had intended the charities to take one-eighth of his residuary personal estate only, and the trustee to take the remaining seven-eighths thereof and all his real estate, it is difficult to understand why he did not say so in a few words, and very few would have been necessary.

As we think the meaning of this will becomes clear enough after analyzing its somewhat awkward phraseology, it hardly seems necessary to discuss the cases in which the word "including" or similar words are used. The learned counsel for exceptant very justly says its meaning is to be determined by its context, and decisions upon other wills are of little value in the interpretation of this.

After our brief opinion was filed on Dec. 30, 1921, dismissing the exceptions in this case, we granted a reargument in order that other counsel might be heard. We have had the benefit of further careful and elaborate discussion, but adhere to our former view, and the exceptions are dismissed and the adjudication confirmed absolutely.

GEST, J., May 16, 1922, supplemental opinion.—Since our opinion was filed in this case dismissing the exceptions, it has been represented to us that in our opinion we have misquoted the words in the eleventh paragraph, "including any real estate or its proceeds," counsel claiming that the word "any" should be read as "my." We had examined the original will before our opinion was written and have since re-examined it. The word in question is certainly indistinctly written in a cramped hand, but admitting that it might be read by others as "my," we think it is as we have transcribed it, and we are confirmed in the view that the word is "any" by our examination of the tenth paragraph, where the testator has plainly written "not including therein

1 D. & C.

*any* real estate or interest in real estate which I may own at the time of my death." The two clauses are obviously correspondent, and the testator used the same word in both of them. We may add, that even if the testator had used, or if he does use, the word "my" in the eleventh clause instead of "any," our opinion as to the meaning of his will would not be changed.